911 F.2d 732
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William HUGHES, Plaintiff-Appellant,
v.
John R. SOUTHWORTH, Jackson County Sheriff Department,
Defendants-Appellees.
 No. 90-1037.
 United States Court of Appeals, Sixth Circuit.
 Aug. 15, 1990.
 
 Before MERRITT, Chief Judge, and MARTIN and NELSON, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App. P. 34(a).
 
 
 2
 William Hughes filed a civil rights complaint in the district court under 42 U.S.C. Sec. 1983, alleging that he was illegally arrested in Detroit in 1982 and was transported to Jackson, where he was held for 14 days without an arraignment. Pursuant to 28 U.S.C. Sec. 1915(d), the district court dismissed the complaint as frivolous. Mr. Hughes has appealed.
 
 
 3
 The district court indicated that Mr. Hughes' pro se complaint did not present specific factual allegations of the sort necessary to plead a Sec. 1983 action successfully. The court also indicated that a challenge to the validity of Mr. Hughes' conviction would be more appropriate in a habeas corpus proceeding than in a civil rights action. We agree with both propositions, but neither is dispositive here.
 
 
 4
 The complaint, as we read it, represents an attempt to recover money damages from the defendants on the theory that they arrested and held him illegally. An illegal arrest and detention would not invalidate Mr. Hughes' subsequent conviction, see Gerstein v. Pugh, 420 U.S. 103, 119 (1975), but might support a claim for money damages. Although Mr. Hughes may not have stated his claim in a way that would withstand a motion to dismiss under Rule 12(b)(6), Fed.R.Civ.P., a complaint is not frivolous merely because it cannot pass muster under Rule 12(b)(6). Neitzke v. Williams, 109 S.Ct. 1827, 1833. We cannot say, on the basis of the record now before us, that Mr. Hughes' claim lacks an arguable basis in law and fact.
 
 
 5
 Accordingly, the judgment of the district court is vacated pursuant to Rule 9(b)(6), Rules of the Sixth Circuit, and the case is remanded for further proceedings consistent with this order.